UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Charles Michael Stokes, ) C/A No. 6:12-cv-3146-CMC-BM
)
        Plaintiff, )
)
vs. ) **REPORT AND RECOMMENDATION**
)
Hunter Chase Harbin, Esq., )
*Being Sued in his Individual Capacity*, )
)
        Defendant. )
_____ )

      Plaintiff, Charles Michael Stokes ("Plaintiff"), is a state prisoner in the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC") in Pelzer, South Carolina. Plaintiff, who is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. §§ 1915 and 1915A, brings this action under 42 U.S.C. § 1983, seeking a declaratory judgment, nominal damages, attorney fees and costs, and punitive damages against the Defendant, a private attorney who previously represented Plaintiff in Plaintiff's post-conviction relief proceeding in South Carolina state court.

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action is "frivolous or malicious,"



"fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is also required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

Plaintiff brings this action against the attorney who represented him in connection with his application for post-conviction relief ("PCR") filed in the Greenville County Common Pleas Court. Plaintiff complains that the Defendant failed to subpoena witnesses and things requested by Plaintiff, and failed to obtain a discovery hearing for Plaintiff. Plaintiff alleges that the Defendant "denied Plaintiff access to the courts through compulsory process, denied Plaintiff effective assistance of counsel on his first appeal from his conviction, and denied Plaintiff his Fourteenth Amendment right to due process and procedural due process." ECF No.1, p 3. Plaintiff also alleges that he filed a civil rights action and a verified complaint against the Defendant in state court, case number 2011-CP-23-07722, which was denied. Plaintiff alleges that he filed a notice of appeal with the South Carolina Court of Appeals, but that his motion to proceed *in forma pauperis* was denied on September 20, 2012. Nevertheless, Plaintiff "argues that the lower court only ruled on one state tort



cause of action, professional negligence, and that he is entitled to a ruling on his constitutional violations." ECF No. 1, p. 5.

## DISCUSSION

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Further, since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. V. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. V. Kelly*, 160 U.S. 337 (1895). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Generally, a case can be originally filed in a federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332, and "[t]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). Additionally, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure; *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999); and if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.* Such is the case here.



First, there is clearly no basis for a finding of diversity jurisdiction in this case. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554-55 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16. Here, this Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because Plaintiff is a citizen and resident of South Carolina and the Defendant is also a citizen and resident of South Carolina.

Second, it is also clear that the essential allegations contained in Plaintiff's Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's federal question jurisdiction. Plaintiff asserts that the Defendant violated his civil rights, *i.e.* Plaintiff's right of access to the courts, right to effective assistance of counsel, and right to due process under the Fourteenth Amendment.[1] Plaintiff characterizes his Complaint as raising claims

---

[1] Plaintiff's allegations may also be construed to assert claims of legal malpractice or attorney negligence that Defendant breached duties owed to Plaintiff and is liable for damages as a result. However, as Plaintiff alleges, claims of professional negligence are based in state tort law, Plaintiff has previously litigated these claims in state court, and Plaintiff's claims were denied in state court. To the extent that Plaintiff is attempting to appeal a judgment of the Court of Common Pleas of Greenville County or the South Carolina Court of Appeals, Plaintiff cannot do so in this federal district court. Appeals of state court decisions must be pursued through the



pursuant to 42 U.S.C. § 1983; however, the Complaint fails to state any cognizable § 1983 claims against the Defendant.[2]

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Section 1983 does not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See DeShaney v. Winnebage County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989); *Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). *See also Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Further, purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common

---

state appellate courts and then directly to the United States Supreme Court. Under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *see also Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997). Under provisions conferring jurisdiction on federal district courts, such as 28 U.S.C. §§ 1331, 1332, and 1334, this court's jurisdiction is original, not appellate, and no statute conferring appellate jurisdiction on federal courts of appeals provides for review of state court decisions.

[2] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). \

5



provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Defendant Harbin is not a state actor and his actions in representing Plaintiff in Plaintiff's PCR proceedings do not constitute state action or action under color of state law, as it is well settled that "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

"Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" *Id.* at 319 n.9 (quoting *In re Griffiths*, 413 U.S. 717, 729 (1973)). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). In short, considering the totality of the circumstances and assuming the truth of all of the allegations in Plaintiff's Complaint, the Complaint fails to allege any facts that could be liberally construed to show that the Defendant is a state actor, or that the Defendant jointly participated with any state actors to violate Plaintiff's constitutional rights. Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint fails to state a claim on which relief can be granted by this Court, because the Complaint fails to allege that Defendant acted "under color of state law," within the meaning of § 1983, to injure Plaintiff.



## RECOMMENDATION

Based on the forgoing, it is recommended that the Court dismiss the Complaint in this case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 6, 2012
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

